### BROWN and others *v.* LEE and others.

*(District Court, N. D. Mississippi.   March 12, 1884.)*

MISJOINDER OF CAUSES OF ACTION—JOINT AND SEVERAL LIABILITY.
  Where two or more defendants are sued jointly, a count in the same action against one of them alone upon his several liability cannot be sustained.

Demurrer to Declaration.
*Lamar, Mayes & Branham*, for plaintiffs.
*C. B. Howry*, for defendants.

HILL, J.· The questions presented for decision arise upon the demurrer of the defendant A. C. Jobes to the second count in the declaration. The declaration in the first count charges that the defendants Lee and C. S. Jobes, under the firm name of Lee & Jobes, drew their bill of exchange upon the bank of Kosciusko, of which said Lee, C. S. Jobes, and A. C. Jobes were the owners and partners, the same being a private and unincorporated banking house, payable 90 days after date, which was delivered to plaintiffs and afterwards presented to the bank for acceptance and accepted, and when due was presented for payment, which was refused, of which the drawers had due notice. The second count charges that afterwards A. C. Jobes, for a valuable consideration, promised in writing that if plaintiffs would send the bill back he would pay it, which was done, but payment was refused. The letter, which is alleged contains this promise, is exhibited with the declaration, and is signed "Cashier." There is no objection to joining the drawers, acceptors, and indorsers liable upon a bill of exchange in an action. This suit is properly brought against Lee and C. S. Jobes, as drawers, and the same parties, with A. C. Jobes, as

partners, under the name of the Kosciusko Bank, as acceptors. The question is, can A. C. Jobes be sued in the same action, in a separate count, upon an individual undertaking in which neither of the other defendants are sought to be made liable. If in writing the letter upon which the promise is based he acted as a member of the banking firm, then he would be liable, if at all, by the promise made in the letter as a partner in the banking firm, and not as an individual. It is true that by the laws of this state all partnership contracts are both joint and several, and an action may be maintained against one partner upon a partnership contract as a several and individual obligation; and if the suit was brought against A. C. Jobes alone, upon the acceptance as a several and individual obligation, then I see no reason why the second count might not be joined in the declaration. But the general rule of pleading stated in Chit. Pl., and all the other elementary works on that subject, is that the joint action must be in favor of all as plaintiff, and against all as defendants, and that there cannot be united in one action a count against two or more, and in the same action a count against one of the defendants; and the high court of errors and appeals of the state, in the case of *Miller* v. *Northern Bank of Mississippi*, 5 George, (Miss.) 412, announced the same rule, which stands unreversed, so far I am informed. Under this rule I am of opinion that the demurrer to the second count must be sustained, with leave to the plaintiffs to amend their declarations if they shall be so advised.